Green,, J.
delivered the opinion of the court.
This is an indictment for passing the counterfeit resemblance of an English sovereign, knowing it to be such. The defendant was found guilty, and appealed to this court.
Upon the trial, Oliver Hughes was introduced as a witness by tbe State,, who testified, that a day or two previous to the time the prisoner is charged with having committed the offence, the witness and prisoner gambled together, and that witness won two .pieces of metal resembling gold coins, which the witness thought were genuine gold coins; that the pieces he won looked like' those which were exhibited in court, and he thought were the same, and that said pieces of coin were not gold.
The counsel for the defendant insists, that so much of the evidence of Hughes, as relates to the gambling of the prisoner, was irrelevant, and ought not to have been received, its reception having been objected to.
It is certainly true as a general rule, that evidence of other ■transactions than those charged in' the.indictment cannot be received; but where knowledge constitutes an essential ingredient in the guilt, this rule is relaxed. In such cases, transactions of a like kind with those charged in the indictment, may be given in evidence. Therefore, in this case, it was clearly competent *275 to prove the passing the two pieces in the gambling house. And if competent to prove they were passed by the defendant, it was necessary to state the circumstances under which they were passed, so as to enable the jury to judge of the guilty knowledge. If the witness had been permitted to state only, that he had received these two pieces from the defendant, without explaining in what way, or under what circumstances the jury would have been less able to draw the inferences upon which to found their verdict. Although, therefore, the gambling, as a substantive transaction, without any connection with the base coins, could not have been given in evidence; yet, as here introduced, it forms a part of the transaction of passing the coins, and as such, may properly be spoken of in detailing that transaction. The stake and the event of the game constitute the contract by which the coins were passed, and may be spoken of as any other contract by which counterfeit notes or coin may be passed.
Let the judgment be affirmed.
Note. — See Peck vs. The State, 2 Hump., Stone vs. The State, ante.